IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THERON J. BARTELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of Social Security Administration, )<br>)<br>Defendant. )<br>_____) | C/A No. 3:04-22648-CMC-JRM<br><br><br><br>**O R D E R** |

  This is an action brought pursuant to Section 205(g) of the Social Security Act, codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security Administration (hereinafter "Commissioner"). The matter is before the court on appeal of the Magistrate Judge's grant of Defendant's request for an extension of time in which to respond to Plaintiff's brief and denial of Plaintiff's motion to reconsider that ruling. It is also before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and the local rules of this court. For the reasons set forth below, the court affirms the rulings of the Magistrate Judge as to the first two motions and further adopts the Report and Recommendation ("Report"). The court, therefore, affirms the decision of the Commissioner.

## I. STANDARD OF REVIEW

  The Magistrate Judge's decisions relating to Defendant's motion for additional time in which to respond to Plaintiff's brief may be reversed only if they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As to the dispositive issues, the Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S.

261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## II. DISCUSSION

**A.     Non Dispositive Rulings.**

This court finds no clear error or error of law in the Magistrate Judge's decision to grant Defendant additional time in which to respond to Plaintiff's brief or in the Magistrate Judge's denial of Plaintiff's motion to reconsider that decision. Plaintiff's "Motion, Appeal, and/or . . . Objection" to these rulings is, therefore, denied.

**B.     Report and Recommendation.**

The Magistrate Judge recommended that the court affirm the Commissioner's decision. Plaintiff objects to this recommendation and asks the court to reverse based on objections which essentially repeat arguments he presented to the Magistrate Judge. The court has reviewed Plaintiff's objections, the Report, the parties' earlier memoranda and the record before the Commissioner. Having conducted this review, the court concludes that each of the arguments raised by the objections is adequately and properly addressed in the Report. The court concurs with both the reasoning used and the recommendation made by the Magistrate Judge.

The court does, however, note one typographical error in the Report. Specifically, in the second paragraph on page seven, the Magistrate Judge cites to page 465 of the administrative record in support of the proposition that Plaintiff was discharged for poor attendance from "kinesiotherapy ands substance addiction therapy." Plaintiff correctly points out that the cited page does not support the stated proposition. Dkt No. 20 at 10. The undersigned has, however, located clear support for the Magistrate Judge's statement on page 456 of the administrative record. Thus, the Report is in error in its page citation but not in its substantive conclusion.

The court has also considered the documents attached to Plaintiff's supplemental objection

filed on February 3, 2006. Plaintiff suggests two medical records contained within these documents were excluded from the materials sent to the court. This is not correct as these documents may be found in the administrative record.[1] The remaining documents attached to the supplemental objection consist of information sheets relating to Plaintiffs' various medications, most specifically the potential side effects of the same. Nothing in these documents supports reversal or remand as the ALJ considered the actual side effects of Plaintiff's medications.[2]

### III. CONCLUSION

For the reasons set forth above, this court affirms the Magistrate Judge's grant of Defendant's motion for additional time to file a responsive brief and denial of Plaintiff's motion to reconsider that decision. The court also adopts the Report and Recommendation of the Magistrate Judge with the one correction noted above and affirms the decision of the Commissioner.

IT IS SO ORDERED.

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 21, 2006

---

[1] These two records consist of notes of one-on-one sessions between Plaintiff and treating psychologists or psychiatrists at the Veterans Administration. One is dated in October 1996 and the other in June of 1997. Both include a PTSD diagnosis. *Compare* Record at 381 & 429-30 *with* Documents attached to Docket No. 20 (Plaintiff's objections).

[2] As filed, the various drug information sheets were highlighted to emphasize the potential for dizziness and drowsiness. The ALJ expressly considered Plaintiff's claim that he, in fact, suffered such symptoms but found that excessive dizziness and drowsiness were inconsistent with the medical records. *See* Record at 26 (also noting that Plaintiff testified that he drove 14 to 21 hours per week). This court finds this conclusion well supported by the record.

4